JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
BARBARA L. DURNING
1300 N. Manor Road
Honeybrook, PA 19344

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Barbieri and Associates      Pietro A. Barbieri, Esquire
657 Exton Commons            610-280-7078
Exton, PA 19341

**DEFENDANTS**
Holcomb Behavioral Health Systems
835 Springdale Drive      Suite 100
Exton, PA 19341

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
            THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and *Banking* |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
(ADA) The Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*      JUDGE _____      DOCKET NUMBER _____

DATE 5/19/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

|  |  |  |
|---|---|---|
| Barbara L. Durning | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Holcomb Behavioral Health Systems | : | |
| | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.
    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 5-19-14 | Pietro A. Barbieri, Esquire | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-280-7078 | 484-252-2575 | Peterlaw@PACivillaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     .    Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____1300 N. Manor Road, Honeybrook, PA 19344_____

Address of Defendant: _____835 Springdale Drive, Suite: 100, Exton, PA 19341_____

Place of Accident, Incident or Transaction: _____See attached_____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No**X**

Does this case involve multi-district litigation possibilities?          Yes☐   No**X**
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

          Yes☐   No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

          Yes☐   No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐   No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes☐   No**X**

CIVIL: (Place **✔ in** ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X** Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___Pietro A. Barbieri, Esquire,___ counsel of record do hereby certify:
  **X** Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.

DATE: ___5/19/14___          ___Pietro A. Barbieri, Esquire___          28162
                              Attorney-at-Law                          Attorney I.D.#
          **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___5/19/14___          ___Pietro A. Barbieri, Esquire___          28162
                              Attorney-at-Law                          Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA L. DURNING** | : | |
| **1300 N. MANOR ROAD** | : | CIVIL ACTION NO. |
| **HONEYBROOK, PA 19344** | : | |
| | : | |
| *PLAINTIFF,* | : | |
| | : | |
| **v.** | : | JURY TRIAL DEMANDED |
| | : | |
| **HOLCOMB BEHAVIORAL HEALTH SYSTEMS** | : | |
| **469 CREAMERY WAY** | | |
| **EXTON, PA 19341** | : | |
| | : | |
| **and** | : | |
| | : | |
| **LIBBY STIPCEVICH** | : | |
| **469 CREAMERY WAY** | : | |
| **EXTON, PA 19341** | : | |
| *DEFENDANT (s)* | : | |

**TO THE HONORABLE THE JUDGE OF THIS COURT:**

**<u>CIVIL ACTION COMPLAINT</u>**

Plaintiff, Barbara L. Durning by and through her attorney Pietro A. Barbieri, Esquire of Barbieri and Associates, comes before this Honorable Court and hereby brings this Complaint and in support thereof alleges as following to be true and accurate to the best of her, knowledge, information and belief:

**<u>INTRODUCTION</u>**

1      This action for declaratory, monetary and other appropriate relief is brought by the Plaintiff to redress the intentional violations by Defendant Holcomb Behavioral

1

Health Systems of the rights secured to Plaintiff Durning by the law of the United States of America and the statutory and common law of the Commonwealth of Pennsylvania. Plaintiff Durning is an American Citizen individual who at all times relevant hereto, was employed by Defendant Holcomb Behavioral Health Systems. The Defendant captioned above has subjected her to disparate treatment and a harassing hostile work environment and discriminative acts. The purpose of this action is to seek appropriate relief for Plaintiff from Defendants hostile and discriminative practices.

2      Plaintiff filed claims with the Equal Employment Opportunity Commission and proceeding with those claims having received a Right to Sue letter on February 27, 2014.

## JURISDICTION AND VENUE

3      This action is brought pursuant to 28 U.S.C. Sections 1331 and 1343(3) and Civil Rights Act of 1964". Unlawful employment practices SEC. 2000 e-2. [Section 703]  and the aforementioned statutory constitutional provisions and the Americans with Disabilities Act (ADA) As set out in <u>Olson v. General Elec. Astrospace</u>, 101 F.3d 947 (3d Cir. December 18, 1996) wherein the court found that "...Moreover, the Third Circuit found that Olson had clearly demonstrated a genuine issue of material fact regarding his claim of perceived disability under the ADA, and therefore reversed this court's grant of summary judgment on that issue."

4      Venue is appropriately laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391 (b), as it is the judicial district in which parties reside.

5      The amount of controversy exceeds One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

2

## PARTIES

6      The Plaintiff is Barbara L. Durning, who resides at 1300 N. Manor Road, Honeybrook, PA 19344 in Chester County, Pennsylvania.

7      The Defendant is Holcomb Behavioral Health Systems was then located at 835 Springdale Drive, Suite: 100, Exton, PA 19341 and is now located at 469 Creamery Way, Exton, PA 19341.

8      Defendant Holcomb Behavioral Health Systems is a corporation existing pursuant to the laws of the Commonwealth of Pennsylvania.

9      The Defendant Stipcevich with her place of employment was then located at 835 Springdale Drive, Suite: 100, Exton, PA 19341 and is now located at 469 Creamery Way Exton, PA 19341.

10     At all times relevant hereto Defendant Stipcevich was in a position of authority over the Plaintiff at Holcomb Behavioral Health Systems and who likewise; was at all relevant times hereto was acting as agent, servant and or employee of the Defendant Holcomb Behavioral Health Systems.

11     At all time relevant hereto, Plaintiff has been employed as "employee" is defined by 42 U.S.C. §2000(e) et seq.

## FACTUAL BACKGROUND

12     The Plaintiff herein began her employment with the Defendant Holcomb Behavioral Health Systems sometime in the later part of 2007 or early part of 2008.

3

13      On or about November 24, 2008, after training and service was given her first Job evaluation. Plaintiff Durning was evaluated for her job performance. Her evaluation score was a 3.01 on a 1 to 5 scale.

14      From 2008 through November 2012, the Plaintiff consistently and annually was given job performance evaluations.

15      With each evaluation, she demonstrated improvement in her performance and skills improved her job evaluation performance.

16      On or about November 26, 2012, she was once again subjected to a job evaluation review. Based on that evaluation, Plaintiff received score a 4.22 out of a possible 5.00.  Once again, Plaintiff demonstrated an improvement of both her skills and performance.

17      On or about December 6, 2012, [merely 11 days later] during a meeting with Defendant Stipcevich, the Plaintiff was told in the presents of others that her that she was:
a.      Disrespectful;
b.      Had a bad attitude and;
c.      Was a non-positive influence to the other employees.

18      On December 7th, 2012, the Plaintiff requested an opportunity to meet with Defendant Stipcevich to discuss this sudden change in observed performance.

19      On or about December 9th, 2012, Defendant Stipcevich told the Plaintiff that the Plaintiff was a receptionist and was owed no explanation.

4

20     With that rebuff the Plaintiff sought out the counsel of Dr. Osmond, a person she believed was the second-in-command at Holcomb Behavioral Health Systems. Dr. Osmond suggested she write a grievance concerning the matter.

21     On or about December 9th, 2012, the Plaintiff wrote a letter to William DiFabio expressing her concern and requested an opportunity to receive an explanation. (*A copy of said letter is attached hereto as Exhibit "A"*)

22     On or about December 10th, 2012 the Plaintiff was summoned to William DiFabio's office. There both William DiFabio and Defendant Stipcevich confronted the Plaintiff.

23     During this meeting the Plaintiff was told that they [William DiFabio and Defendant Stipcevich] believed that Plaintiff had psychiatric issues that needed immediate attention and suggested that she should immediately begin reading the *"THE BIG BOOK"* [1]

24     The Plaintiff believed that the references of the Defendant suggested that Plaintiff was psychiatrically unstable, an alcoholic or both.

25     The above statements made by the Defendant clearly, demonstrates the employers recognition that this Plaintiff was subject to the Protections of the Americans with Disabilities Act

26     On December 17th, 2012 Mr. William DiFabio suspended the Plaintiff.

27     On or about December 18th, 2012, Plaintiff received a letter from the Defendant Libby Stipcevich confirming either the recognition of the employer's obligations under

---

[1] Complete text of "Alcoholics Anonymous" also known as "The **Big Book**"

the ADA or the repetition and republication of the libelous statement made by Defendant Stipcevich.  (*A copy of said letter is attached hereto as Exhibit "B"*).

28      The letter states in part, "…based upon the above, you are placed on suspension until such **time as we receive weekly counseling reports from a licensed mental health professional showing significant improvement and having resolved issues interfering with your satisfactory job performance"**.[2]

29      The letter dated December 18, 2012, goes on to say Plaintiff Durning was told that she was "insubordinate, talking back to supervisors, rudeness to staff, failure to respect professional boundaries, complaining to clients about Holcomb, frequently crying in front of clients and staff, interrupting therapeutic staff while they were trying to work to complain about Holcomb …"

30      Immediately upon receipt Defendant Stipcevich's diagnosis of psychiatric instability, Plaintiff Durning, as directed, sought out an evaluation by a licensed mental healthcare provider.

31      On or about December 22nd, 2012, Chris Seghers, L.C.S.W. saw Plaintiff Durning. Chris Seghers, L.C.S.W. states in part, … **"there does not appear to be evidence of any mental health concern that would limit Ms. Durning's ability to function in the work setting".** [3] (*A copy of said letter is attached hereto as Exhibit "C"*).

32      Immediately thereafter, Plaintiff Durning attempted to deliver this letter to the Defendant (employer) in satisfaction of the restrictions placed upon her.

_____

[2] emphasis added

[3] emphasis added

33      Immediately upon receipt of the letter from Chris Seghers, L.C.S.W and because of its sensitive nature, Plaintiff Durning attempted to deliver the letter to Defendant Stipcevich in person.

34      Clearly this employer has identified Ms. Durning with a significant physiological disability.

35      On or about January 2nd, 2013, Defendant Ms. Stipcevich stated, "even if you had 100 papers from the counselor you are not cured". The Defendant refused to consider the letter and thereupon terminated her from employment effective January 2, 2013.

36      Simply put, this Defendant identified a psychiatric disability of Plaintiff employee.

37      The Defendant violated the Plaintiff ADA rights to wit: A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity. U.S.C. § 12112(d)(4)(A)

38      The fact that a complainant is perceived as having a handicap or disability is sufficient, and it is not necessary for the complainant to further demonstrate that the "perceived" disability substantially limits one or more major life activities beyond the employer's perception. _Civil Service Commission of Philadelphia v. Human Relations Commission_, 556 A.2d 933, 935 (Pa. Cmwlth. 1989); reversed 591 A.2d 281 (Pa. 1991).

39      Thereafter, the Defendant failed to make or even discuss accommodation for Plaintiff Durning.

40      Plaintiff avers that that the actions of the Defendant jointly and severally represent a clear and un-mistakable violation of the American Disabilities Act.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court;

a.          Enter a declaratory judgment that the Defendant Holcomb Behavioral Health Systems discriminatory acts, policies, practices, and procedures herein has violated the rights of the Plaintiff as secured by federal and state legislative enactments and common law public policy in the United States and Pennsylvania Constitutions;

b.          Enjoin Defendant Holcomb Behavioral Health Systems in continuing in their illegal practices;

c.          Award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

d.          Award reasonable costs and attorney's fees;

e.          Award punitive damages; and

f.          Grant any other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

Pietro A. Barbieri, Esquire
*Attorney for Plaintiff*

Date: Monday, May 19, 2014

## VERIFICATION

I, Barbara Louise Durning, do hereby verify that the facts contained in the foregoing **Civil Action Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

*Barbara Louise Durning*
Barbara Louise Durning

Date:  May 19, 2014

10

EXHIBIT "A"

DURNING  46

December 9, 2012

Dear Mr. DiFabio,

I have been with Holcomb Behavioral Health Systems for just about four and a half years. In general I have enjoyed the experience. I truly want to make Holcomb a home. I have enjoyed our clients and have grown with them. I truly want to be a positive asset to them, making them feel comfortable when they enter our doors! I look forward to seeing them as they do me as seen in our client satisfactions as well as what our clients say to my face. Even the joint commission approached me and gave me praise. These remarks would warm anyone's heart.

I have also wanted to be a positive asset to Holcomb itself and our employees conducting myself in a way that reflects the good in Holcomb. I hope and want to continue to be this person. I have learned to live an honest life by being true to myself – treating others as they would want to be treated – never forgetting where I come from. Our clients deserve the best when they come in our doors. I realize I am "Just a receptionist" as I have been reminded of so many times by Libby, though my evaluations have always been good. I have truly dedicated my life to Holcomb's clients. I also give respect to many – not just our clients – our employees and that has been conveyed to me by therapists, clinicians, doctors, and nurse practitioners. I'm valued!

I received a 4.22 this year my by supervisor on the 26th of November. She scored me higher then I scored myself. Feels good! By the sixth of December I became a disrespectful, bad attitude non positive employee. Many employees seem to be running to Libby expressing these very opinions. I asked Libby "who" and I was told "I am your boss – I don't owe you an explaination. I also asked her if that was how she felt why not put that on my evaluation to which I was told their was no space for it! This is a serious concern of mine! I am no longer an asset to Holcomb and our clients?

I feel I have gone through the proper chain of command by several times talking with Libby, but to no avail except to be chastised and to be treated as sub-human. In all honesty I wish to let you know I have discussed other serious concerns with Dr. Roger Osmun, his recommendation to me was to speak with you therefore I am requesting a meeting with you. Perhaps, Dr, Osmun could be a part of this meeting? But, whatever your decision is I will respect it! Please, consider meeting with me! It continues to be my aim and goal to be a dedicated employee a positive asset to Holcomb.

Thank you and respectfully,

Barbara Durning

Barbara Durning

EXHIBIT "B"



HOLCOMB BEHAVIORAL HEALTH SYSTEMS

December 18, 2012

Barbara Durning
1300 N. Manor Road
Honey Brook, PA  19344

*Sent by certified and regular mail*

Dear Mrs. Durning:

The letter is to notify you that you are suspended without pay from your position as
receptionist effective December 17, 2012.  On December 17, 2012, we met to discuss
your unsatisfactory job performance.  The following behavior has been identified as
unsatisfactory:

> Insubordination, talking back to your supervisor, rudeness to staff, failure to
> respect professional boundaries, complaining to clients about Holcomb,
> frequently crying in front of clients and staff, interrupting therapeutic staff while
> they are trying to work to complain about Holcomb, calling therapeutic staff at
> their homes to complain about Holcomb, and repeatedly attempting to obtain
> advice from therapeutic staff.

We have also learned that last night you made repeated phone calls to Holcomb's
Outpatient Coordinator at her home.  Please be advised that those calls are not welcome
by her and that they must cease immediately, or the authorities will be notified.

Based on the above, you are placed on suspension until such time as we receive weekly
counseling reports from a licensed mental health professional showing significant
improvement and having resolved issues interfering with your satisfactory job
performance.  As such time, we may consider allowing you to return to work. Be assured
we wish you well and hope that you may return to work for Holcomb. However, in order
for that to happen, we must be convinced that you will display a professional,
cooperative, non-aggressive and courteous attitude to your supervisor, staff and clients,
and will respect healthy workplace boundaries.

Sincerely,

Libby Stipcevich
Director of Human Resources



EXHIBIT "C"

DURNING 80

## *Associates of Springfield Psychological*

| | | |
|---|---|---|
| *709 East Gay Street* | *1489 Baltimore Pike, Suite 250* | *920 West Chester Pike* |
| *West Chester, PA 19382* | *Springfield, PA  19064* | *Havertown, PA 19083* |
| | *Tel 610-544-2110* | |
| | *www.springfieldpsychological.com* | |

December 22, 2012

To Whom It May Concern:

Ms. Barbara Durning has asked me to write this letter regarding a mental health evaluation I conducted today on her behalf.   She has asked me to comment on whether or not she presents a mental health concern that would prevent her from functioning in the work setting.

I met with Ms. Durning  this morning and she informed me that she was required to have this evaluation in order to return to work, and that her supervisors implied that she had a mental health issue that has affected her behavior and performance in that setting.  Ms. Durning denies that she has presented behavioral or emotional problems in that setting, and reports that her behavior has been unfairly described.

Ms. Durning denies history of anxiety, depression or other mental health symptoms, and her husband verified the absence of a history of mental health or behavioral problems of the kind that have recently been ascribed to her. Ms. Durning acknowledges that she is in full sustained recovery from alcohol/drug dependence, and reports she has sustained abstinence for 12 years to date.  She does reports that she has experienced short-term difficulties with anxiousness and grief in the context of her suspension for 2-3 days after the suspension, but that these symptoms have improved over the past 1-2 days. She reports that she wants to keep her job, but is worried that there may be little she can do to resolve her work situation.

From this assessment today, there does not appear to be evidence of any mental health concern that would limit Ms. Durning's ability to function in the work setting.  I did offer her continued consultation to enable her to maximize her ability to manage stress in the current context.

Sincerely

*Chris Seghers, LCSW*

Chris Seghers, LCSW

Psychotherapist,
Associates of Springfield Psychological, Inc.